**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lindsey Miller, | No. CV-23-01976-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Four Peaks Logistics LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's motion for leave to serve Defendant Four Peaks Logistics, LLC ("Four Peaks") via alternative means. (Doc. 7.) For the following reasons, leave to serve *both* Defendants by alternative means is granted.

## BACKGROUND

On September 20, 2023, Plaintiff filed the verified complaint (Doc. 1) and the summonses issued as to all Defendants (Doc. 4).

On October 23, 2023, Plaintiff filed a notice that Defendant Anwar Ahmed was purportedly served (Doc. 6) and the pending motion for alternative service as to Four Peaks (Doc. 7).

As to Ahmed, the proof of service form states that on October 10, 2023, at 12:34 p.m., at a residence located at 5425 E. Yale St., Phoenix, AZ 85008 ("the Yale St. residence"), a process server had the following encounter:

> Upon arrival, Anwar Ahmed's Champagne colored Toyota Tundra was parked in the circle drive adjacent to the front door. After knocking twice, I could hear voices inside. After knocking a 3rd time, a male of Eastern descent (approx. 30's, 5'10"-6'1", curly black hair, beard and mustache)

came to the window adjacent to the front door and poked his head through the curtains. He called out through the window. He refused to identify himself and did not open the door. When I explained that I had a delivery for Anwar Ahmed and Four Peaks Logistics, LLC, he simply stated "no". When I mentioned that I was directly next to Anwar's vehicle, he was silent. Given that he refused to identify himself, I executed personal service upon Anwar Ahmed by leaving the Summons and Complaint for Anwar at the front door and notifying him that he had been served.

(Doc. 6.)

Plaintiff's motion for alternative service and attached exhibits demonstrate that during that same encounter, the process server also left the summons and complaint for Four Peaks at the door, as Ahmed is the statutory agent for Four Peaks. (Doc. 7-1 at 3.) Other service attempts are as follows:

> 10.05.23 at 3:17 PM. Service attempt made upon FOUR PEAKS LOGISTICS, LLC c/o Statutory Agent: Anwar Ahmed at 555 N Federal, #1002, Chandler, AZ 85226 [("the Chandler address")]. I spoke with Shanice, who stated Anwar does not live at this address, that she does not know Anwar, and that she has been living here for approximately two years.

(*Id.* at 2.)

> 10.10.23 at 10:40 AM. Service attempt made upon FOUR PEAKS LOGISTICS, LLC c/o Statutory Agent: Anwar Ahmed at 6227 S. 75th Ave., Laveen, AZ 85339 [("the Laveen address")]. I was told that Anwar does not have an office here and only uses this address to get mail. The individual I spoke with stated that he hasn't seen Anwar in months.

(*Id.* at 3.)

> 10.16.23 at 1:39 PM. Service attempt made upon FOUR PEAKS LOGISTICS, LLC c/o Statutory Agent: Anwar Ahmed or upon Member: Abukar Maio at 5425 E Yale St., Phoenix, AZ, 85008. Anwar's Toyota Tundra and a large black van were parked in driveway. I could hear people speaking inside the home, but there was no answer.

(*Id.* at 4.)

> 10.19.23 at 10:55 AM. Service attempt made upon FOUR PEAKS LOGISTICS, LLC c/o Statutory Agent: Anwar Ahmed or upon Member: Abukar Maio at 5425 E Yale St., Phoenix, AZ, 85008. Anwar's Toyota Tundra was parked in driveway. No answer.

(*Id.* at 5.)

On October 26, 2023, the Court issued an order stating as follows: "The Court is in the process of reviewing Plaintiff's motion for alternative service (Doc. 7) and notes that

there does not appear to be any explanation of how Plaintiff identified the addresses to which the process server was sent and specifically how Plaintiff determined that the Yale St. address is Mr. Ahmed's residence.  Accordingly, IT IS ORDERED that within seven days of the issuance of this order, Plaintiff shall file a supplement setting forth that explanation, along with supporting exhibits, if any."  (Doc. 8.)

On November 1, 2023, Plaintiff filed a supplement responsive to the Court's order. (Doc. 9.)  The supplement and its attachments establish, *inter alia*, that an amendment to Four Peaks' articles of organization lists two "principals"—Ahmed, who is listed as "statutory agent" and "member," and Abukar Maio, who is listed as "manager."  (Doc. 9-1 at 7.)  After the process server determined that "the Laveen address was only used for mailing and Anwar had not been seen for months" and that "the residential address Anwar used on his Move it All Transportation LLC filing," which was the Chandler address (*id.* at 9), "was no longer current," the process server discovered that Anwar had submitted articles of organization for another business, Global Business LTD, LLC, in March 2022, listing the Yale St. residence as his address and also as Maio's address, and determined that this was "likely [Ahmed's] most recent address."  (*Id.* at 3, 10.)[1]  The process server's discovery of Ahmed's truck in the driveway reinforced that conclusion.  (*Id.* at 3.)

## DISCUSSION

I. <u>Legal Standard</u>

Rule 4(h)(1) of the Federal Rules of Civil Procedure provides that an unincorporated association within a judicial district of the United States must be served: "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to

---

[1]  The amended articles of organization for Four Peaks, filed more recently in July 2023, listed the Laveen address for Ahmed and the Yale St. residence for Maio.  (Doc. 9-1 at 7.)  This document also included an email address for Maio, abukar@cox.net, which is consistent with the email address for Maio listed in the Global Business LTD LLC articles.  (*Id.* at 7, 10.)

- 3 -

the defendant."

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual (with exceptions not relevant here) may be served in a judicial district of the United States by:

    (1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

    (2)    doing any of the following:

        (A)    delivering a copy of the summons and of the complaint to the individual personally;

        (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

        (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4.1 of the Arizona Rules of Civil Procedure details the available state-law procedures for serving process within Arizona. Under Rule 4.1(d) of the Arizona Rules, an individual may be served within Arizona using the same methods outlined in Rule 4(e)(2) of the Federal Rules. Additionally, Rule 4.1(k) of the Arizona Rules provides for alternative means of service: "If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may—on motion and without notice to the person to be served—order that service may be accomplished in another manner," in which case "the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement" and must, at a minimum, "mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served."

Arizona's Rule 4.1(k) requires a showing of impracticability. Impracticability in this context requires "something less than a complete inability to serve the defendant" and even "something less than the 'due diligence' showing required before service by

publication may be utilized." *Blair v. Burgener*, 245 P.3d 898, 901, 903-04 (Ariz. Ct. App. 2010).  In the context of Rule 4.1(k), "impracticable" simply means that the traditional means of service have proved to be "extremely difficult or inconvenient." *Id*. at 903.

II.     Analysis

As a preliminary matter, although Plaintiff has filed proof of service indicating that Ahmed has been served via documents left at the front door, it is not altogether clear that this form of service was proper.  Service via documents left at the door can be sufficient in certain circumstances:

> If the defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it usually is sufficient for the process server to touch the party to be served with the papers and leave them in defendant's presence or, if a touching is impossible, simply to leave them in the defendant's physical proximity.  It is not crucial in these circumstances that the defendant does not take the papers into his or her possession.

*Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009).  In *Travelers*, the Ninth Circuit held that service had been effected where a process server, after several unsuccessful service attempts where no one answered the door even though there were vehicles in the driveway, spoke to the defendant through a screen door, loudly announced "You are served," and left the documents on the doorstep while the defendant watched.  *Id.* at 1134-36.  However, the "close proximity" of the defendant and direct communication with him were key facts in that case.  *Id.* at 1136.  *See also Errion v. Connell*, 236 F.2d 447, 457 (9th Cir. 1956) (upholding service based on district court's determination that process server saw defendant and spoke to her before pitching service papers through a hole in the screen door); *Berdux v. Project Time & Cost, Inc.*, 669 F. Supp. 2d 1094, 1103 (N.D. Cal. 2009) ("It is sufficient to leave service papers outside of a locked door if the resident refuses to accept the papers or to open the door for the process server.").

Here, however, it is unclear whether the process server spoke to Ahmed, Maio, or a different person.  Generally speaking, leaving documents at the door is insufficient to effect service of process.  *Pourtemour v. Simpson*, 2008 WL 11419052, *1 (C.D. Cal. 2008)

("Ultimately, the process server posted the summons and complaint on Simpson's front door instead of leaving the documents with a person of suitable age and discretion who also lived in the home, as required by Rule 4(e)(2)(B). Accordingly, Plaintiff fails to establish proper service under Rule 4(e)(2)(B)."); *Alpha Prop. & Cas. Ins. Co. v. Freedom Movers LLC*, 2020 WL 4346745, *2 (D. Ariz. 2020) ("[T]he envelopes taped to the door of Tyler's apartment and taped to the windshields of Tyler's cars were insufficient under Arizona Rule of Civil Procedure 4.1(d)(2) because they were not left with a person of suitable age and discretion.").

At any rate, leaving documents at a person's residence[2] might be acceptable as an *alternative* means of service under Rule 4.1(k) of the Arizona Rules, but leave of court must first be sought. *See, e.g.*, *DPG Invs. LLC v. Anderson*, 2020 WL 8482971, *3 (D. Ariz. 2020) ("It appears that Defendant resides at the Celestial Drive address and is actively evading service. Plaintiffs' proposed alternative means of service—posting a copy of the FAC and Summons on the front door and garage doors of the Celestial Drive address as well as via email to Defendant's last known email address—constitute 'a reasonable effort to provide the person being served with actual notice of the action's commencement.'").

It is not clear why Plaintiff appears to believe that the identical act—leaving the documents at the door of the Yale St. residence—was sufficient to effect service as to Ahmed but not as to Four Peaks. Considering that an unincorporated association may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual," Fed. R. Civ. P. 4(h)(1)(A), one would assume that if service of Ahmed had been properly effected during the October 10, 2023, 12:34 p.m., service attempt, then service on Four Peaks was properly effected as well. However, because it is not clear that service was properly effected as to *either* Defendant under Rule 4(e)(1), the Court will simply grant leave to serve *both* Defendants via alternative means. The Court finds that the traditional means of

---

[2] Based on Ahmed's listing of the Yale St. residence as his address in a March 2023 filing with the Arizona Corporation Commission and the evidence indicating that Ahmed's truck was parked in the driveway of this residence when the process server attempted service there on October 10, 2023 at 12:34 p.m., October 16, 2023 at 1:39 p.m., and October 19, 2023 at 10:55 a.m. (Doc. 1-9 at 3-5; *id.* at 10), the Court concludes that the Yale St. residence is most likely Ahmed's current residence.

service have proved to be impracticable. Plaintiff's proposed alternative means of service—mailing the documents to the Yale St. residence via both regular and certified mail, and leaving them at the doorstep of the Yale St. residence—appear somewhat redundant, particularly because the service documents have already been left at the Yale St. residence. The Court takes judicial notice of the fact that Four Peaks maintains a website that prominently features an email address on its "Contact Us" page: Info@fourpeakslogistic.com. The Court concludes that service via certified mail to the Yale St. residence and to the Laveen address, which Ahmed apparently uses "to get mail" (Doc. 7-1 at 3), and via email to Four Peaks at Info@fourpeakslogistic.com and to Maio at abukar@cox.net would constitute "a reasonable effort to provide the [parties] being served with actual notice of the action's commencement." Ariz. R. Civ. P. 4.1(k)(2).

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion (Doc. 7) is **granted**.

**IT IS FURTHER ORDERED** that service on ***both Defendants*** may be accomplished by alternative means. Pursuant to Ariz. R. Civ. P. 4.1(k)(2), Plaintiff shall mail the summons, the complaint, and this order via certified mail to the Yale St. residence and to the Laveen address and via email to Info@fourpeakslogistic.com and to abukar@cox.net.

Dated this 6th day of November, 2023.

Dominic W. Lanza
United States District Judge