**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lindsey Miller,<br><br>           Plaintiff,<br><br>v.<br><br>Four Peaks Logistics LLC, et al.,<br><br>           Defendants. | No. CV-23-01976-PHX-DWL<br><br>**ORDER** |

Plaintiff has filed a motion for default judgment against Defendants Four Peaks Logistics LLC and Anwar Ahmed (collectively "Defendants") (Doc. 14) and a motion for attorneys' fees (Doc. 15). For the reasons stated below, the default judgment motion is granted as to liability and granted in part and denied in part as to damages and the fees motion is granted in part and denied in part.

I.     Background

On September 20, 2023, Plaintiff brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA"). (Doc. 1 ¶ 1.) Plaintiff alleges that she worked for Defendants but "is owed payments for six weeks of work." (Doc. 1 ¶ 49.)

Defendants were served on November 7, 2023. (Doc. 11.) Thus, Defendants' responses to the complaint were due on or before November 28, 2023. Fed. R. Civ. P. 12(a)(1)(A). Defendants have not yet responded to the complaint, nor have they appeared in this action.

On November 29, 2023, Plaintiff filed an application for entry of default against Defendants. (Doc. 12.) On November 30, 2023, the Clerk entered default against Defendants. (Doc. 13.)

On December 5, 2023, Plaintiff filed a motion for default judgment (Doc. 14) and motion for attorneys' fees (Doc. 15). Defendants have not responded to either motion.

II.     Default Judgment

The "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered when deciding whether default judgment is appropriate under Rule 55(b): (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish the damages sought in the complaint. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Having reviewed the complaint and default judgment motion, the Court finds that the *Eitel* factors favor default judgment against Defendants.

A.      **Possible Prejudice To Plaintiff**

The first *Eitel* factor weighs in favor of default judgment. Defendants have not participated in this action at all—they have not responded to the complaint or to the motion for default judgment or motion for fees. If Plaintiff's motion is not granted, Plaintiff will be without other recourse for recovery. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### B.  Merits Of Claims And Sufficiency Of Complaint

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standard. *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). As noted above, Plaintiff alleges that Defendants violated the FLSA, the AMWA, and the AWA. (Doc. 1.) Plaintiff alleges sufficient facts to show Defendants' liability. (*Id.* ¶¶ 30-32, 45-56.) The second and third factors favor default judgment.

### C.  Amount At Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. The money at stake is relatively modest and authorized by statute.

### D.  Possible Dispute Concerning Material Facts

Given the sufficiency of the complaint and Defendants' lack of participation in this case, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *PepsiCo*, 238 F. Supp. 2d at 1177.

### E.  Excusable Neglect

Defendants have not participated in any way, despite having been served. There is no indication that any Defendant has failed to respond due to excusable neglect.

### F.  Policy Favoring Merits Resolution

The last factor usually weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. The Court therefore is not precluded from entering default judgment against Defendants.

### G.  Conclusion

Six of the seven *Eitel* factors favor default judgment. The Court therefore concludes that default judgment is appropriate.

…

H. **Damages**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A plaintiff must "prove all damages sought in the complaint." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "[A] default judgment for money may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). District courts within the Ninth Circuit have held that written affidavits or declarations are acceptable in lieu of a hearing. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100-01 (N.D. Cal. 2014) ("To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit."); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012) ("[A] 'hearing' . . . need not include live testimony, but may instead rely on declarations submitted by the parties, so long as notice of the amount requested is provided to the defaulting party.").

Plaintiff submitted an affidavit in which she states that she "was a full-time employee of Defendants from on or around July 10, 2023, until on or around September 1, 2023"—that is, for eight weeks; that she "did not receive payment for six weeks of work" and is therefore "owed a total of 240 hours of work"; that she "was to be paid a salary of $58,000"; and that therefore she is "owed $6,576.90 in regular wages." (Doc. 14-1 ¶¶ 3, 6-8.)

Plaintiff seeks $9,972 on her AMWA claim, which mandates treble damages for failure to pay minimum wage. A.R.S. § 23-364(G). These damages are capable of mathematical calculation—240 (the number of unpaid hours Plaintiff worked) multiplied by $13.85 (Arizona's minimum wage), multiplied again by 3 (for treble damages) totals $9,972. (Doc. 14 at 5.) Plaintiff is awarded these damages, for which both Defendants are jointly and severally liable.

Plaintiff notes that the damages she would be awarded for her FLSA minimum wages claim "are less than her Arizona [m]inimum wages and therefore she only seeks damages for the greater amount." (*Id.* at 6.) This is consistent with case law suggesting that damages cannot be recovered when they are "engulfed by larger statutory awards." *Ignacio Xalamihua, Plaintiff, v. GGC Legacy Janitorial Servs. LLC,* 2023 WL 8891393, *5 (D. Ariz. 2023); *see also Sao v. Pro-Tech Prod. Inc.*, 2019 WL 6909566, *8 (D. Ariz. 2019) (deferring award of FLSA damages pending resolution of AMWA and AWA claims because any larger award would need to "factor in the FLSA damages").

Plaintiff also seeks an additional $9,758.70, for which Four Peaks Logistics LLC would be solely liable, for her claim under the AWA, which provides that "[w]hen an employee is discharged from the service of an employer, he shall be paid wages due him within seven working days or the end of the next regular pay period, whichever is sooner." A.R.S. § 23-353(A). If an employer "fails to pay any wages due any employee" in violation of the Act's provisions, "the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A). Plaintiff asserts she is entitled to treble damages—$6,576.90 (her estimate of what she should have been paid for the 240 uncompensated hours she worked), multiplied by three, for a total of $19,730.70, but that because that amount should be offset by the $9,972 damages award for her AMWA claim, she should be awarded $9,758.70—the difference between $19,730.70 and $9,972—for her AWA claim. (Doc. 14 at 6.)

The treble damages provision of A.R.S. § 23-355 is discretionary. *Swanson v. Image Bank, Inc.*, 77 P.3d 439, 443 (Ariz. 2003) ("Under the plain language of the statute, the award of treble damages for the bad-faith withholding of wages is discretionary with the court."); *Crum v. Maricopa Cnty.*, 950 P.2d 171, 173 (Ariz. Ct. App. 1997); *see also Rosen v. Fasttrak Foods LLC*, 2021 WL 2981590, *4 (D. Ariz. 2021) ("The Court possesses wide discretion in determining whether to award treble damages under § 23-355."). "The treble damage remedy is a punitive measure that is warranted when employers seek to delay payment without reasonable justification or to defraud employees of wages

earned" and "is appropriate only when an employer withholds wages unreasonably and in bad faith." *Swanson v. Image Bank, Inc.*, 43 P.3d 174, 183 (Ariz. Ct. App. 2002), *aff'd in part, vacated in part,* 77 P.3d 439 (cleaned up).

Plaintiff's affidavit includes no assertions indicating Defendants' reasons for withholding her wages, and therefore the Court cannot determine that the withholding was done "unreasonably and in bad faith." *Id.* The allegations in the complaint are similarly vague. It appears that Plaintiff might have been paid for her first two weeks of work (or not, it is difficult to work out the timeline from the bare-bones allegations in the complaint), but at any rate, Plaintiff was not paid for six weeks, and when at last she "inquired about missing wages, Defendant Anwar Ahmed accused Plaintiff of being a terrible person and told her he was not going to pay her anything" and "then cut off access to her emails and company related systems." (Doc. 1 ¶¶ 31-32.) There is no indication whether there was any dispute over her wages or her work, why Plaintiff waited six weeks to inquire why she had not been paid, or whether the accusation that Plaintiff was "a terrible person" was a shocking, left-field reaction to a reasonable inquiry or part of a larger, untold story here. In light of Plaintiff's failure to submit evidence (or even allege) that the withholding of wages was done in bad faith, the Court declines to award treble damages.

Without the trebling, the AWA damages are $6,576.90 (Plaintiff's estimate of what she should have been paid for the 240 uncompensated hours she worked), which—like the FLSA minimum wages damages—are engulfed by the larger statutory award (the $9,972 AMWA award).

Therefore, the total damages awarded are $9,972, for which both Defendants are jointly and severally liable.

I. **Attorneys' Fees**

Pursuant to A.R.S. § 23-364(G), Plaintiff requests attorneys' fees in the amount of $4,850.50 and $3,000 for anticipated collection costs. (Doc. 15 at 10.) Defendant has not appeared to contest the fees motion. In light of the litigation history, the Court finds the amount of attorneys' fees expended to be reasonable. However, the Court will not grant

an award for fees anticipated to be incurred in collection on the judgment. Although Plaintiff lists district court cases where such anticipated costs have been granted and notes that "Plaintiff's counsel's firm has spent numerous out-of-pocket costs to fund collections for previous clients" (Doc. 15 at 9-10), Plaintiff does not cite any precedential authority suggesting that speculative costs not yet incurred could be permissible under the relevant statutes. *See, e.g.*, *Acosta v. Pindernation Holdings LLC*, 2023 WL 3184252, *3 (D. Ariz. 2023) ("Plaintiff seeks an award for anticipated future costs of collecting on the judgment. Plaintiff cites no controlling authority for such an award, but argues solely upon the basis of district court cases where they have been allowed without analysis. Even if the court had authority to make such an award, Plaintiff proffers no support for the projection of such expenses, or to show that the types of such expenses would be recoverable under applicable authority."). Furthermore, the statutory language indicates that a prevailing plaintiff is entitled to "costs of suit," A.R.S. § 23-364(G), and post-lawsuit efforts to collect on a judgment are not part of the suit itself.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 14) is **granted** as to liability and **granted in part and denied** in part as to damages. A separate judgment shall issue, after which the Clerk shall terminate this action.

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorneys' fees (Doc. 15) is **granted in part and denied in part**. Plaintiff is awarded fees in the amount of $4,850.50.

Dated this 11th day of January, 2024.

Dominic W. Lanza
United States District Judge